IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE VILCHIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD; JUSTIN LEWIS; D. BARTHELMES, and DOES 1 to 100, inclusive,<br><br>　　　　　Defendants. | Case No.: 1:10-cv-00893 -- JLT<br><br>ORDER DENYING REQUEST TO MODIFY THE SCHEDULING ORDER<br><br>(Doc. 26) |

　　　　Before the Court is the stipulation to modify the scheduling order to extend the deadlines related to expert discovery and to extend the deadline to file and hear dispositive motions. For the reasons set forth below, the stipulation is **DENIED**.

**I.　　Background**

　　　　On October 5, 2010, the Court issued the scheduling order in this case. In it, the Court notified the parties,

> 1. The foregoing order represents the best Estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.
>
> 2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3. Failure to comply with this order may result in the imposition of sanctions.

(Doc. 12 at 14.) Since the time of the scheduling order, on August 17, 2011, the Court granted the stipulation to extend the deadlines for expert disclosure and expert discovery. (Doc. 14) The basis for this extension was to allow time for the experts "to review important deposition transcripts that have not yet been received from court reporters." (Doc. 13 at 2) On October 18, 2011, the Court again granted an extension of time for the disclosure of experts and the deadline to complete expert discovery. (Doc. 20) At that time, the stated reason for the extension was to allow the parties to obtain Plaintiff's records from the VA. (Doc. 19 at 1)

Now, the parties report that these same VA records have not yet been received and they report that they have no anticipated date by which they will receive them. (Doc. 26 at1-2) They seek approximately 30-days extension of time for each of the remaining deadlines, including the dates associated with dispositive motions. Notably, each of these extensions are needed, the parties stipulate, because of the anticipated need to provide supplemental expert reports.

For the reasons set forth below, the stipulation to amend the scheduling order is **DENIED**.

## II. Analysis

   *A.   There is no good cause shown to modify the case schedule*

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u> and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could

not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . . ." Jackson, 186 F.R.D. at 608.

In the current request, counsel agree that the VA records are important documents for the experts to consider and after this consideration, provide supplementation of their reports, if necessary. When evaluating the parties' request, it is important to understand what harm they seek to avoid.   From the context of the stipulation, it seems clear that the parties are not concerned about providing rebuttal disclosures but are concerned about providing supplementation of the already produced expert reports, if review the VA records requires it.

Under the Federal Rules of Civil Procedure 26(e), the parties have the duty to "supplement or correct its disclosure" when the party learns that, in a material respect, the disclosure is incomplete or incorrect, and the additional or corrective information is unknown to the other parties.  Fed. R. Civ. P. 26(e)(1)(A). After the deadline for simultaneous expert disclosure, a "supplemental disclosure deadline" does not permit the designation of a new expert: "[A] party may not use a supplement to extend the discovery deadline and introduce [a] new opinion, nor may a party simply use an existing expert's disclosure as a placeholder to spring a supplemental opinion in the eleventh hour." North View Estates, GP v. Yreka Holdings, 2010 U.S. Dist. LEXIS 57800, at *3 (E.D. Cal. Jan. 13, 2010) (internal quotation marks and citations omitted), accord; Keener v. United States, 181 F.R.D. 639, 641 (D. Mont. 1998); see also Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320 (5th Cir. 1998) ("The purpose of supplementary disclosures is just that—to supplement.  Such disclosures are not intended to provide an extension of the expert designation and report production deadline"). "[D]esignation of 'supplemental' experts[, therefore,] is an ongoing obligation of the parties to correct earlier opinions disclosed by an expert.  It does not refer to the disclosure of a new expert" once the court-ordered deadline for simultaneous initial disclosure of experts has expired. United States v. Southern Cal. Edison Co., Case No. 1:01-CV-5167 OWW  DLB, 2005 U.S. Dist. LEXIS 24592, at *8 (E.D. Cal. Sept. 23, 2005) (quoting Hampton v. Schimpff, 188 F.R.D. 589, 590 (D. Mont. 1999)).

In the Court's scheduling order, it appears that the terms "rebuttal" and "supplemental" were used inartfully, to refer to the same thing; disclosure of experts who would be used to counter the

opinions of previously disclosed experts.[1] Fed. R. Civ. P. 26(a)(2)(D). (Doc. 12 at 9) Thus, the current schedule in this case required any rebuttal expert to be disclosed by November 14, 2011. On the other hand, supplementation is permitted *and required* under the Rule until the filing of the pretrial statements are filed. Given this, the Court does not find that the stipulation demonstrates good cause to amend the scheduling order.

  B. *The proposed extended dates for dispositive motions are unworkable*

In addition, the Court would be required to deny the request to amend the case schedule regarding the filing of dispositive motions. The proposed filing deadline of January 4, 2012 with a hearing date of February 8, 2012, would provide the Court insufficient time to hear the matter, consider the arguments and issue a ruling before the pretrial conference. <u>Indeed, there would be insufficient time for the Court to decide dispositive motions before trial.</u>

As counsel is aware (Doc. 15), this Court is facing an extreme judicial shortage which was exacerbated by the retirement of Judge Wanger, the judge previously assigned to this case. To address this judicial shortage, the Court <u>must</u> insist on deadlines that are reasonably set to allow sufficient time for the Court to receive and consider dispositive motions *before* the time for the filing pretrial documents, the pretrial conference and trial. Any other schedule would risk that the Court expend its extremely limited and precious judicial resources on matters that later become moot or unnecessary. In this time of crisis, the Court simply cannot permit this.

**III.** **Conclusion**

  Based upon the foregoing, the Court **ORDERS**:

  1. The stipulation to amend the scheduling conference order is **DENIED**;.

  2. Any rebuttal experts **SHALL** be disclosed no later than November 25, 2011;

///

///

///

---

[1] Any other interpretation would yield nonsensical results. If these terms were not used interchangeably in the Court's order then any rebuttal expert would be excused from compliance with Rule 26's requirement that supplementation occurred until the time that the pretrial documents are filed. This cannot have been the intention of the Court.

     3.    Supplementation of expert opinions **SHALL** occur consistent with Fed. R. Civ. P. 26(e)(2).

IT IS SO ORDERED.

Dated: **November 21, 2011**               /s/ Jennifer L. Thurston
                                             UNITED STATES MAGISTRATE JUDGE