# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSUE VILCHIS,** | 1:10-cv-00893 LJO JLT |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S § 1983 MALICIOUS PROSECUTION CLAIM** |
| v. | |
| **CITY OF BAKERSFIELD, JUSTIN LEWIS, D. BARTHELMES, and DOES 1 to 100, inclusive** | |
| Defendants. | |

A January 13, 2012 Memorandum Decision and Order granted in part and denied in part Defendants' motion for summary judgment as to most claims in this case, but held in abeyance any ruling on Defendants' motion for summary judgment on Plaintiff's fourth cause of action, a § 1983 claim for malicious prosecution in violation of the Fourth Amendment. *See* Doc. 41. Defendants invoked the presumption set forth in *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981) (*Smiddy I*), which provides that the filing of a criminal complaint by a prosecutor "immunizes investigating officers ... from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." However, the record was devoid of any evidence establishing that a complaint was ever filed against Plaintiff. Defendants were afforded fifteen (15) days to supplement their motion with proof of the filing of a complaint. Defendants timely filed such proof, attaching: (a) a copy of the Kern County Criminal Court docket demonstrating that a criminal complaint was filed against the Plaintiff on June 24, 2008, Doc. 41-1, Ex. A; and (b) a copy of the Misdemeanor

1

Complaint against Plaintiff filed by the Kern County Deputy District Attorney Susan S. Barton, Doc. 41-1, Ex. B.[1]

In light of Defendants' supplemental submissions, the *Smiddy* presumption is triggered. Plaintiff failed to rebut the presumption with any evidence "that the district attorney was subjected to unreasonable pressure by the police officers, [] that the officers knowingly withheld relevant information with the intent to harm [him], or that the officers knowingly supplied false information." *Smiddy v. Varney*, 803 F.2d 1469, 1471 (9th Cir. 1986) (*Smiddy II*).

Therefore, Defendants' motion for summary judgment as to Plaintiffs' § 1982 malicious prosecution claim is GRANTED.

IT IS SO ORDERED.

Dated:   **January 27, 2012**               /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

---

[1] These court records are subject to judicial notice.  *See* Fed. R. Evid. 201(b); *United States v. Howard*, 381 F.3d 873, 876, fn. 1 (9th Cir. 2004).

2